IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIM FITZGERALD                                         PLAINTIFF

v.                      CIVIL NO. 17-5054

NANCY A. BERRYHILL, Commissioner
Social Security Administration                            DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Tim Fitzgerald, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on September 24, 2014, alleging an inability to work since July 22, 2014,[1] due to lower back pain, hypertension, diabetes, neuropathy, depression and anxiety. (Tr. 137, 223). For DIB purposes, Plaintiff maintained insured status through December 31, 2014. (Tr. 230). An administrative video hearing was held on October 7, 2015, at which Plaintiff appeared with counsel and testified. (Tr. 35-79).

---

[1] At the administrative hearing held on October 7, 2015, Plaintiff, through his counsel, amended the alleged onset date to February 14, 2014. (Tr. 21, 37).

1

By written decision dated December 15, 2015, the ALJ found that through his date last insured, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 23). Specifically, the ALJ found Plaintiff had the following severe impairments: lumbago. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 24). The ALJ found that through the date last insured, Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work as define in 20 C.F.R. §404.1567(b). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled through his date last insured. (Tr. 28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on January 26, 2017. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 31st day of May 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE